IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 12-cv-02131-JLK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

BRIDGE PREMIUM FINANCE, LLC (f/k/a BERJAC OF
COLORADO, LLC),
MICHAEL J. TURNOCK, and
WILLIAM P. SULLIVAN, II,

Defendants.

---

**TEMPORARY RESTRAINING ORDER,
ASSET FREEZE, OTHER EQUITABLE RELIEF,
AND ORDER SETTING PRELIMINARY INJUNCTION HEARING**

---

On August 14, 2012, Plaintiff Securities and Exchange Commission ("SEC") filed an emergency motion for an *ex parte* order: (1) enjoining Defendants Bridge Premium Finance, LLC (f/n/a Berjac of Colorado, LLC) ("BPF"), Michael J. Turnock ("Turnock"), and William P. Sullivan ("Sullivan") (collectively, "Defendants") from violations of the antifraud and registration provisions of the federal securities laws; (2) freezing funds and other assets of Defendants, wherever located, which are derived directly or indirectly from any investor funds obtained by or on behalf of Defendants in connection with the scheme alleged in the SEC's Complaint; (3) requiring Defendants to provide an accounting of investor funds and other assets; (4) prohibiting Defendants from the acceptance, deposit or disbursement of additional funds from investors or potential investors; (5) prohibiting the destruction or alteration of documents; (6) providing for expedited discovery by the SEC; (7) providing for alternative service by the SEC; and (8) setting this matter for a preliminary injunction hearing.

On _____, the Court conducted a hearing where it reviewed evidence, heard testimony of witnesses, and considered the arguments of counsel. The Court has considered the entire record of this case, including the Complaint in this action, Plaintiff's Memorandum of Law In Support of its Emergency Motion for an Order Granting an *Ex Parte* Temporary Restraining Order, Preliminary Injunction, and Other Emergency Relief, the Declarations of Richard M. Bayus, Tracy W. Bowen, Tryn L. Hendricks, Ric M. Harshman, and John G. Burgess, with attached exhibits, and the Certification of Counsel pursuant to Federal Rule of Civil Procedure 65(b), all attached hereto or filed concurrently.

Based on the record, the Court finds:

1. This Court has jurisdiction over the subject matter of this action and over the Defendants.

2. The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(b)] and Section 21(d)(1) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(1)] by establishing a *prima facie* case for each of the violations in the Complaint and a strong likelihood that the SEC will prevail at trial on the merits and that the Defendants, and each of them, directly or indirectly, have engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations of Sections 5 and 17(a) of the Securities Act [15 U.S.C. §§ 77e and 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. §§ 78j(b) and 78o], and/or Exchange Act Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

3. There is good cause to believe that, unless restrained and enjoined by order of this Court, the Defendants will dissipate, conceal, or transfer from the jurisdiction of this Court assets

that could be subject to an order directing disgorgement or the payment of civil money penalties in this action, and that unless restrained Defendants will continue to accept funds from investors.

4. There is good cause to believe that, unless restrained and enjoined by order of this Court, Defendants may alter or destroy documents relevant to this action.

5. There is good cause to believe that an immediate accounting is necessary to identify the source, location and use of funds obtained from investors.

6. There is good cause to believe that expedited discovery and alternative means of service are warranted.

7. Pursuant to Fed. R. Civ. P. 65(b), this Court specifically finds that there is a likelihood of irreparable injury to investors unless this order is issued *ex parte*. This Court finds that the SEC has made a *prima facie* showing that Defendants have engaged in schemes to defraud investors, made false and misleading statements to investors and omitted material facts in connection with the offer and sale of securities. The SEC has also demonstrated a *prima facie* showing that Defendants have distributed securities without registration or valid exemption.

8. Based on these and other facts alleged by the SEC, there is good cause to believe that Defendants will dispose of, dissipate, or remove investor funds and assets from the jurisdiction of the Court. Such dissipation of investor funds and assets would constitute irreparable harm to investors. To avoid this irreparable harm, it is appropriate for the Court to issue this Temporary Restraining Order *ex parte* so that prompt service on appropriate financial institutions and persons acting in concert with or directing the activities of Defendants can be made, thus preventing the dissipation of investor funds.

Now, therefore,

### I.

IT IS HEREBY ORDERED that, pending the determination of the SEC's Motion for a Preliminary Injunction or hearing on the merits: Defendants BPF, Turnock, and Sullivan, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails: (1) employing any device, scheme, or artifice to defraud; or (2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any transaction, practice, or course of business that operates or would operate as a fraud or deceit upon the purchaser in violation of Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)].

### II.

IT IS HEREBY FURTHER ORDERED that, pending the determination of the SEC's Motion for a Preliminary Injunction or hearing on the merits, Defendants BPF, Turnock, and Sullivan, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange in connection with the purchase

or sale of any security: (1) employing any device, scheme, or artifice to defraud; (2) making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in violation of Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5].

### III.

IT IS HEREBY FURTHER ORDERED that, pending the determination of the SEC's Motion for a Preliminary Injunction or hearing on the merits, Defendants BPF and Turnock and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from directly or indirectly, in the absence of any applicable exemption: (1) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; (2) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or (3) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public

proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h] in violation of Section 5 of the Securities Act [15 U.S.C. § 77e].

## IV.

IT IS HEREBY FURTHER ORDERED that, pending the determination of the SEC's Motion for a Preliminary Injunction or hearing on the merits, the Defendants are prohibited, directly or indirectly, from accepting funds from investors for investment in any investment program. Defendants BPF, Turnock, and Sullivan, and their officers, directors, successor corporation, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall refrain from accepting, taking control of, or depositing in any financial institution, funds from investors.

## V.

IT IS HEREBY FURTHER ORDERED that, pending the determination of the SEC's Motion for a Preliminary Injunction or hearing on the merits:

A.  The assets, funds, or other property of Defendants BPF, Turnock, and Sullivan, wherever located, which derive, directly or indirectly, from any investor funds obtained by or on behalf of the Defendants in connection with the scheme alleged in the SEC's Complaint, are frozen.

B.  Defendants BPF, Turnock, and Sullivan, and their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation,

concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, which derive, directly or indirectly, from any investor funds obtained by or on behalf of the Defendants in connection with the scheme alleged in the SEC's Complaint; and

C. Any bank, financial or brokerage institution or other person or entity holding any funds, securities or other assets which derive, directly or indirectly, from any investor funds obtained by or on behalf of the Defendants in connection with the scheme alleged in the SEC's Complaint, held in the name of, for the benefit of, or under the control of Defendants BPF, Turnock, or Sullivan, or their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets.

D. No person or entity, including the Defendants or any creditor or claimant against any of the Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the asset freeze, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order; provided, however, that any party or non-party may seek leave from this order upon a proper showing.

E. Defendant Turnock shall be prohibited from selling or transferring his residence located at 3737 Gill Drive, Denver, Colorado 80209-3510 without seeking leave of the Court.

- 8 -

## VI.

IT IS HEREBY FURTHER ORDERED that Defendants BPF, Turnock, and Sullivan, and each of their successor corporations, subsidiaries, and affiliates, shall within **five business days** of the service of this order, each file with this Court, and serve on the SEC, at the address of its counsel of record, a sworn accounting of:

A. All funds raised in any securities offerings by Defendants BPF, Turnock, or Sullivan, or any subsidiary, division, or affiliate thereof, in the form of investment contracts, profits interests, notes or any other security, listing the name, address and phone number of each person who invested funds in such program, the amount the investor paid directly or indirectly to any of the entities and date(s) such funds were received; the current locations of all such funds; the disposition of any such funds including the date, amount, recipient and purpose of each disbursement; the location, title and account numbers at any financial institution to which any such funds have been transferred; and the amount of earnings paid to each investor, if any, and date of payment, the amount of other funds returned to each investor and date of payment;

B. All persons who received a commission, finder's fee, or any other payment relating to any securities offered or sold by Defendants BPF, Turnock, or Sullivan, or otherwise identified in paragraph VI.A. above; listing the name and address and phone number of each such person, and the amount and the date of any such payment;

C. All investments, securities, funds, real estate, and other assets held in the names of Defendants BPF, Turnock, and Sullivan, or in the names of any subsidiary, affiliate, or agent or under their direct or indirect control, or in which they have or have had since **January 1, 2007**, a direct or indirect beneficial interest, stating a description and location of such assets;

  D. Each account, including safe deposit boxes, with any bank, financial institution or brokerage firm, maintained in the names of Defendants BPF, Turnock, or Sullivan, or the names of any subsidiary, affiliate, or agent, or in which they have direct or indirect control or beneficial interest, or have had any direct or indirect beneficial interest since **January 1, 2007**; and

  E. Every transaction in which the ownership, direction and control of any funds or other assets of any kind have been transferred, directly or indirectly, since **January 1, 2007** to or from Defendants BPF, Turnock, or Sullivan, or their affiliates, subsidiaries, or agents.

## VII.

IT IS HEREBY FURTHER ORDERED that, the Defendants are prohibited from destroying or altering records. Pending determination of the SEC's Motion for a Preliminary Injunction or hearing on the merits, Defendants BPF, Turnock, and Sullivan, and their officers, directors, successor corporations, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the SEC's Complaint in this action, or to any communications between or among any of the Defendants. As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, computer data, e-mail messages, correspondence, memoranda, minutes, telephone records, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

## VIII.

IT IS HEREBY FURTHER ORDERED that the SEC's application for expedited discovery concerning Defendants, their assets, and their activities is granted and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure, and Rule 30.1A of the Local Rules of this Court, discovery shall proceed as follows:

A. Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the SEC may take depositions upon oral examination on **three days** notice of any such deposition. Depositions may be taken Monday through Saturday and may be taken telephonically. As to Defendants BPF, Turnock, and Sullivan, and their officers, directors, subsidiaries and affiliates, agents, servants, employees, owners, brokers, associates, trustees, and underwriters, the SEC may depose such witnesses after serving a deposition notice by facsimile, e-mail, mail, hand or overnight courier upon such Defendants, and without serving a subpoena on such witness. Depositions that have not been signed by the witness may be used for purposes of the hearing on Plaintiff SEC's motion for a preliminary injunction;

B. Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, the Defendants, and each of them, shall answer the SEC's interrogatories within **three days** of service of such interrogatories upon Defendants. Interrogatories may be served by facsimile, e-mail, mail, hand or overnight courier upon such Defendants or their counsel;

C. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the Defendants, and each of them, shall produce all documents requested by the SEC within **three days** of service of such request, with production of the documents made to the U.S. Securities and Exchange Commission, Denver Regional Office, 1801 California St., Suite 1500, Denver, CO 80202, to the

attention of Thomas J. Krysa and Kurt L. Gottschall, or such other person or place as counsel for the SEC may direct in writing. Requests for production may be served by facsimile, e-mail, mail, hand or overnight courier upon such Defendants or their counsel;

D.    Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, the Defendants, and each of them, shall respond to the SEC's requests for admissions within **three days** of such requests. Requests for admission may be served by facsimile, e-mail, mail, hand or overnight courier upon such Defendants or their counsel; and

E.    All written responses to the SEC's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by hand or overnight courier to the U.S. Securities and Exchange Commission's Denver Regional Office at 1801 California Street, Suite 1500, Denver, Colorado 80202, to the attention of Thomas J. Krysa and Kurt L. Gottschall, or such other place and person as counsel for the SEC may direct in writing; and

F.    In connection with any discovery from any non-party, deposition or document discovery may be had within **five days** of service of a subpoena pursuant to Rule 45. Service of a subpoena may be made by facsimile, e-mail, mail, hand or overnight courier.

## IX.

IT IS HEREBY FURTHER ORDERED that service of this Order, the Summons and Complaint may be made by facsimile, mail, e-mail, delivery by commercial courier, or personally by any employee of the Securities and Exchange Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure and may be made on any registered agent, officer, or director of Defendants, or by publication. As indicated, discovery requests may be communicated by facsimile, mail, hand, or delivery by commercial courier.

**X.**

IT IS HEREBY FURTHER ORDERED that the Defendants, and each of them, shall appear before this Court at 2:00 p.m. on August 23, 2012 in Courtroom A-802 of the United States District Court for the District of Colorado, to show cause, if any there be, why this Court should not enter a Preliminary Injunction and order preliminary relief against the Defendants pursuant to Rule 65 of the Federal Rules of Civil Procedure, and extend the temporary relief granted in this Order until a final adjudication on the merits may be had.

**XI.**

IT IS HEREBY FURTHER ORDERED that the Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED, this 14th day of August, 2012, at 3:08 o'clock p.m.

_____
UNITED STATES DISTRICT JUDGE